IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:02-CR-191-BO-1
5:14-CV-908-BO

| | |
|---|---|
| VEOTIS HARDING, )<br>Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | **O R D E R** |

VEOTIS HARDING,	)
           Petitioner,	)
	)
v.	)	**O R D E R**
	)
UNITED STATES OF AMERICA,	)
           Respondent.	)

This cause comes before the Court on petitioner's motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [DE 107, 110]. The government has moved to dismiss the petition, and the matter is ripe for ruling. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motions are dismissed.

## BACKGROUND

On October 21, 2002, petitioner pleaded guilty, without a written plea agreement, to conspiracy to commit interstate transportation in aid of racketeering, in violation of 18 U.S.C. §§ 1952 and 371 (Count One); interstate transportation in aid of racketeering (by use of the mail and a telephone transmission) and aiding and abetting, in violation of 18 U.S.C. §§ 1952 and 2 (Counts Two through Ten); interstate transportation in aid of racketeering (by use of the mail and electronic transmission) and aiding and abetting the same offense, in violation of 18 U.S.C. §§ 1952 and 2 (Counts Eleven through Eighteen); conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i) and 1956(h) (Count Nineteen); money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2 (Counts Twenty through Thirty-One); and money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 (Counts Thirty-Two through Thirty-Five). [DE

41]. In January of 2003 petitioner filed a motion to withdraw his plea of guilty, which this Court denied on April 4, 2003. [DE 43, 45, 47, and 51]. On August 28, 2003, petitioner was sentenced to a total of 40 years' imprisonment on all counts. [DE 61].

On September 8, 2003, petitioner filed a notice of appeal, and on September 2, 2005, the Fourth Circuit Court of Appeals remanded petitioner's case for resentencing. [DE 74]. On May 24, 2006, petitioner was resentenced to a total term of 330 months' imprisonment. [DE 89]. Petitioner also appealed the new judgment, and on May 22, 2007, the Fourth Circuit affirmed in an unpublished opinion. [DE 97].

On or about May 8, 2012, petitioner filed a motion under 28 U.S.C. § 2241 in the District of South Carolina. [*Harding v. Owens*, No. 5:13-HC-2212-BO (E.D.N.C. May 8, 2012)]. Petitioner argued that his money laundering convictions were invalid under *United States v. Santos*, 553 U.S. 507 (2008). [No. 5:13-HC-2212-BO, DE 1 at 5]. That motion was eventually transferred to the Eastern District of North Carolina. [No. 5:13-HC-2212-BO, DE 31 at 11-12].[1]

This Court dismissed petitioner's motion and dismissed petitioner's application for a writ of coram nobis. The Court also denied a certificate of appealability as to the dismissal. [No. 5:13-HC-2212-BO, DE 52 at 6]. As to the motion of actual innocence, petitioner was given notice that the motion was converted to a 28 U.S.C. § 2255 petition and docketed in his criminal case. Petitioner was then given until January 31, 2015, to respond to the petition, or—without further order of the court—the petition would be dismissed without prejudice. [No. 5:13-HC-2212-BO, DE 52 at 6].

Petitioner responded to the converted petition on January 30, 2015; however, on March 20, 2015, petitioner was directed to "return the [§] 2255 form in accordance with [the Court's]

---

[1] The motion was transferred to this district for writ of coram nobis. [DE 31-34].

instructions, within fourteen days from the filing of this order. Failure to do so may result in the dismissal of this action or the striking of the motion." [DE 107, 109]. Petitioner did not return the § 2255 form until November 3, 2015.

Petitioner then filed a subsequent motion under § 2255 on June 28, 2016, as well as two subsequent addendums. [DE 110, 114, 118]. Each of these documents contain the same allegations as the previously dismissed motion brought under § 2241. [No. 5:13-HC-2212-BO, DE 36, 36-1]. Petitioner also added a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), as well as claims that two of his convictions should have merged and that he was subjected to double jeopardy. [DE 110].

## DISCUSSION

A Rule 12(b)(6) motion must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings).

In *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2557. Petitioner fails to raise a cognizable claim under *Johnson* because the residual clause does not affect any aspect of his sentence. Petitioner was neither sentenced as an armed career criminal nor as a career offender. Petitioner did not receive any guidelines enhancements based upon a crime of violence. Therefore, petitioner has failed to state a claim under *Johnson* and this claim is dismissed.

A motion to vacate under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an

impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

After the Court resentenced petitioner, the Fourth Circuit affirmed petitioner's judgment on May 22, 2007. [DE 97]. As petitioner did not file a petition for certiorari with the Supreme Court, petitioner's judgment became final when the time expired for him to file such a petition. *See United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011). Petitioner had 90 days from entry of judgment of the Court of Appeals to file a petition for certiorari. Supreme Court Rule 13(1). As judgment was entered in June of 2007 [DE 98, 99], petitioner's judgment became final in September of 2007.

Petitioner filed a motion under 28 U.S.C. § 2241 in the District of South Carolina which was later construed to be a § 2255 motion in this district. [No. 5:13-HC-2212-BO, DE 55]. That motion was not filed until May 8, 2012, and petitioner filed his subsequent § 2255 motion in June of 2016. [D.E. 110]. Therefore both of petitioner's motions were filed well outside the filing period provided by § 2255(f)(1).

Petitioner claims that he has identified new facts discovered through due diligence to support his claim. Petitioner challenges at length the government's investigation, the credibility of witnesses in that investigation, and the conduct of officers and lawyers involved in his case, but after a thorough review of petitioner's motion the Court cannot find that petitioner has presented any evidence that was not available at the time of his plea agreement or that is newly discovered. Additionally, petitioner does not appear to have presented any arguments that are materially different from those he presented when challenging his plea agreement.

4

Petitioner does not appear to rely on any other provision of § 2255(f) to excuse this delay as to these claims as he has not identified any government impediment which has been removed and he has not relied on a Supreme Court decision made applicable retroactively. For these reasons, both of his § 2255 petitions are therefore untimely.

While equitable tolling is available to toll the limitations period in this context, *see Holland v. Florida*, 560 U.S. 631, 649 (2010), petitioner has also not identified any sound basis upon which to invoke equitable tolling. Petitioner claims that his learning disability and inability to read or write, the unavailability of lawyers or paralegals to assist prisoners with motions, and the transfer of an inmate that was assisting him with his petitions, all constitute extraordinary circumstances meriting a tolling of the limitations period. The Court finds that these are not extraordinary circumstances sufficient to excuse petitioner's delay of more than five years in filing his petitions.

For these reasons, the government's motion to dismiss petitioner's § 2255 motion is granted.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, the government's motion to dismiss [DE 121] is GRANTED and petitioner's motions to vacate pursuant to 28 U.S.C. § 2255 [DE 107, 110] are DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this ⟋ day of March, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE